Cite as 2023 Ark. App. 550

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-23-485

| | | |
|---|---|---|
| TIFFANY BAKER | | Opinion Delivered November 29, 2023 |
| | APPELLANT | |
| V. | | APPEAL FROM THE CLARK COUNTY CIRCUIT COURT [NO. 10JV-21-87] |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILD | | HONORABLE BLAKE BATSON, JUDGE |
| | APPELLEES | AFFIRMED |

**KENNETH S. HIXSON, Judge**

Appellant Tiffany Baker appeals after the Clark County Circuit Court filed an order terminating her parental rights to her son, Minor Child 3 (MC3) (DOB 12-29-07).[1] Appellant generally argues on appeal that there was insufficient evidence for the circuit court to find that the termination of parental rights was in MC3's best interest.[2] More specifically, she argues that termination was not in MC3's best interest because (1) the circuit court found

---

[1]Appellant has two other children, Minor Child 1 (MC1) (DOB 03-15-06) and Minor Child 2 (MC2) (DOB 02-27-07). MC1 and MC2 entered foster care subsequent to MC3, and for reasons that are not clear, their case proceeded under a separate case number. However, both cases were heard together at a single termination hearing, but two separate termination orders and two separate notices of appeal were subsequently filed.

[2]This case is the companion to *Baker v. Arkansas Department of Human Services*, 2023 Ark. App. 549, also decided today, in which appellant has appealed the termination of her parental rights to her other two children, MC1 and MC2.

that MC3 was not likely to be adopted; (2) termination would also sever MC3's relationship with his grandmother "who was a lynchpin in his life"; and (3) termination did not serve the purpose of the Juvenile Code but was instead implemented to punish her. We affirm.

I. *Relevant Facts*

On July 15, 2021, the Arkansas Department of Human Services (DHS) filed a petition for emergency custody and dependency-neglect asking the circuit court to find MC3 dependent-neglected and to place him in DHS's custody. In the affidavit attached to the petition, DHS stated that MC3 and his siblings, MC1 and MC2, had been living with their maternal grandmother, Michelle Sims (formerly Green). Ms. Sims had a guardianship over all three children. MC3 was ordered into DHS's care on July 14, 2021, after a family-in-need-of-services (FINS) court hearing regarding MC3. At that hearing, Ms. Sims had explained that MC3 has severe behavioral problems and that she was concerned about her safety and the safety of others in the home. Ms. Sims further explained that MC3 had physically attacked her, had intentionally tried to look at females while they were getting dressed, broke into and entered into properties, and failed to show any remorse for his behaviors. As such, Ms. Sims had informed the circuit court that she could not allow MC3 to remain in her home, and the circuit court exercised an emergency hold on MC3 and placed him in foster care.

The circuit court granted the petition, finding that probable cause existed, and an agreed probable-cause order was filed on July 20, 2021. Thereafter, an agreed adjudication order was filed on October 13, 2021, finding MC3 dependent-neglected. The circuit court

found that appellant is MC3's biological mother and is his noncustodial parent for purposes of the Arkansas Juvenile Code. MC3's father is deceased. It found that Ms. Sims had obtained a guardianship over MC3 at one point, and MC3 was removed from the custody of his mother. However, the circuit court noted that Ms. Sims no longer wished to be MC3's guardian. The circuit court found that appellant was not "a fit parent for the purposes of custody or visitation because despite receiving service and being notified that the juvenile is in foster care, she has not presented herself to the Court to be assessed." As such, the circuit court found that MC3 could not be safely placed in appellant's custody. The circuit court set the goal of the case as relative placement.

A review hearing was held on February 7, 2022, and an order was filed on February 17, 2022. The circuit court continued the goal of relative placement. The circuit court noted that safety concerns prevented trial placement, return of custody, or other placement with appellant because appellant was "living with a friend and unable to provide for [MC3]." Regarding appellant's compliance, the circuit court found that appellant had "partly complied with the case plan and the orders of the Court." It explained that appellant had begun the "Triple P program" and had been referred for "Intensive Family Services." It ordered appellant to "attend supervised visits with the juvenile; continue to be drug tested; continue to allow the Department access to her housing; continue to participate in case plan services; maintain safe and stable housing and employment; and participate in therapy and other services, to the extent recommended by the Department."

For context, it is important to note that DHS exercised emergency custody of MC1 and MC2 in the companion case on February 28, 2022, and that DHS had filed a petition for ex parte emergency custody and dependency-neglect on March 1, 2022. Although the case regarding MC1 and MC2 was separate from the case involving MC3, some issues and goals overlapped between the two cases.

After multiple continuances, a permanency-planning hearing regarding MC3 was held on August 1, 2022, and an agreed permanency-planning order was filed on August 15, 2022. The circuit court changed the goal from relative placement to reunification with appellant, which aligned with the goal set in the companion case for MC3's two other siblings. However, the circuit court found that appellant was "unfit" and noted that safety concerns prevented trial placement, return of custody, or other placement with appellant because she lacked housing, employment, and transportation. Regarding appellant's compliance with the case plan and court orders, the circuit court made the following findings:

> The mother has partly complied with the case plan and the orders of the Court. Specifically, the mother has tested negative on a drug screen at the Pulaski County office and at a drug screen ordered in court today. The mother is not employed, lacks stable housing, and has no transportation. The mother is ordered to participate in the services offered by the Department, to communicate her residential address to the Department, submit to hair follicle testing and random drug screens, and allow the Department access to her home.

A fifteen-month review hearing was held on November 4, 2022, and a written order was filed on November 7, 2022. The circuit court continued the goal of reunification and ordered DHS to continue to provide appellant services. However, the circuit court noted

4

that the "compelling reason to continue providing services is to have a full permanency planning hearing with the companion case on January 23, 2023."

DHS thereafter filed a petition for the termination of parental rights on January 13, 2023, specifically alleging that appellant's parental rights should be terminated on the basis of the statutory grounds of failure to remedy, other subsequent factors, and aggravated circumstances. *See* Ark. Code Ann. § 9-27-341(b)(3) (Supp. 2023).

A final permanency-planning hearing was held on January 9, 2023, and a written order was filed on April 5, 2023. It was in this order that the circuit court changed the goal of the case to adoption. The circuit court did order DHS to continue to provide appellant reunification services. Regarding appellant's compliance with the case plan and court orders, the circuit court made the following findings:

> The mother has not complied with the case plan and the orders of the Court. Specifically, the mother testified that she has used methamphetamine since the last review. The mother is not employed, lacks stable housing, and has unreliable transportation. The mother is ordered to participate in the services offered by the Department, to communicate her residential address to the Department, submit to hair follicle testing and random drug screens, and allow the Department access to her home.

A joint termination hearing was held on April 3, 2023, regarding MC1, MC2, and MC3. The circuit court simultaneously heard testimony and oral arguments concerning the circumstances and issues regarding all three children. Because the evidence presented at the termination hearing is discussed in detail in the companion case, we do not repeat it herein. *See Baker v. Ark. Dep't of Hum. Servs.*, 2023 Ark. App. 549.

The circuit court filed a written order terminating appellant's parental rights to MC3 on April 20, 2023, finding that the statutory grounds of failure to remedy, other subsequent factors, and aggravated circumstances supported termination. Regarding MC3's best interest, the circuit court made the following findings relevant to the issues raised on appeal:

9. The Court finds that there is clear and convincing evidence that termination of the mother Tiffany Baker's parental rights is in the best interest of the juvenile. In making this finding, the circuit court considered all relevant factors, including the likelihood that the juvenile would be adopted if the parental rights were terminated, and the potential harm, specifically addressing the effect on the health and safety of the juvenile, that could be caused by returning the juvenile to the mother.

    a. As to the juvenile's adoptability, the Court finds that the juvenile is not likely to be adopted, because the juvenile has significant behavioral barriers to adoption. However, the Court finds that the juvenile does not wish to be adopted, but rather to remain in Department custody, continue to avail himself of the Department's Transitional Youth Services, and to have the goal of APPLA once he turns sixteen. Moreover, the Department continues to provide mental and behavioral health services to the juvenile, which could improve his potential to become adoptable.

    b. As to potential harm, the Court finds that the juvenile would likely be subjected to harm if returned to the mother because of the mother's ongoing substance abuse and ongoing instability. The mother's failure to engage in the psychological evaluation, failure to engage in counseling after she initially told the Department that she would obtain her own counseling, and her failure to engage in inpatient drug rehabilitation, in conjunction with the juvenile's significant behavioral issues, would leave the juvenile at great risk of harm if placed with the mother. Moreover, the mother's unstable living conditions—she lives with a male friend who has not communicated with the Department, and the mother has prevented the Department from thoroughly inspecting the home, on the grounds that she could only authorize access to the single room that she occupied— would increase the risk of harm if the juvenile were placed with the mother.

6

10. The Court therefore grants the Department's petition and terminates all parental rights of Tiffany Baker to [MC3], pursuant to section 9-27-341 of the Arkansas Code. . . .

This appeal followed.

## II. *Analysis*

Because the issues and arguments raised on appeal are the same as those presented in the companion case, which we also hand down today, we find it unnecessary to restate them herein. Further, this court's conclusions are set forth in the companion case and are incorporated herein. *See Reynolds v. Ark. Dep't of Hum. Servs.*, 2023 Ark. App. 293. Accordingly, we affirm the termination of appellant's parental rights as to MC3.

Affirmed.

ABRAMSON and WOOD, JJ., agree.

*Leah Lanford*, Arkansas Commission for Parent Counsel, for appellant.

*Dana McClain*, attorney ad litem for minor child.

7